**LA–TEX SUPPLY COMPANY, Plaintiff-Appellant,**

v.

**FRUEHAUF TRAILER DIVISION, FRUEHAUF CORPORATION,** Defendant-Appellee.

No. 71–1304.

United States Court of Appeals, Fifth Circuit.

June 25, 1971.

Otto A. Ritter, Longview, Tex., William M. Howell, Jacksonville, Fla., Ronnie Posey, Longview, Tex., for plaintiff-appellant; Ritter, Nichols & Posey, Longview, Tex., of counsel.

Richard Grainger, Mike A. Hatchell, Tyler, Tex., Marion R. Shepard, Jacksonville, Fla., for defendant-appellee; Ramey, Brelsford, Flock, Devereux & Hutchins, Tyler, Tex., of counsel.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

La-Tex Supply Company (La-Tex), the plaintiff below and appellant here, turned over its trailer-tank, used to deliver propane gas, to Fruehauf Trailer Division, Fruehauf Corporation (Fruehauf), the defendant below, for servicing and repairs. Fruehauf delivered the trailer-tank to Britt's Machinery and Welding Company (Britt's) of Bossier City, Louisiana, for de-gassing and steam cleaning without prior permission from La-Tex. Britt's employees removed the gas, steam cleaned the inside of the tank, whereupon it was pulled to Fruehauf's place of business and returned to a La-Tex driver. The driver drove the tank to the La-Tex refinery, filled it with propane and proceeded along his delivery route. As the rig reached downtown Carthage, Texas, the driver noticed gas spilling from the rear of the tank, but before he could reach his cutoff valve the propane ignited and exploded causing property damage to several surrounding business establishments and destroying the La-Tex tank truck. La-Tex sued claiming that the cause of the gas leak and resultant explosion was moisture left in the tank by the sub-contractor Britt's. Fruehauf defended on the dual grounds that it was not responsible for the negligence of an independent contractor (Britt's) and on the further ground of La-Tex's claimed contributory negligence in failing to close the valve properly. The jury found for Fruehauf. La-Tex appeals on several grounds, none of which appear to us to be meritorious and we accordingly affirm.

At the conclusion of the evidence it was learned by court and counsel that one of the regular jurors might need to be excused in order to attend a funeral on the following day. The jury was advised by the court of this fact. He stated that he would allow the alternate juror to go with the other jurors into the jury room but cautioned the alternate juror not to participate in the deliberations unless and until the regular juror was excused. Despite this caution the alternate, a lady juror, made at least one remark during the course of the jury's deliberation, when she entered into a colloquy between several of the regular jurors, including the foreman, saying: "Let's listen to the foreman". This was made to appear by affidavits of several jurors submitted in connection with the motion for new trial below. We are cited Rule 47(b) of the Federal Rules of Civil Procedure, the Supreme Court decision of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, the Fourth Circuit case of United States v. Virginia Erection Corporation, 4 Cir. 1964, 335 F.2d 868, and several other cases in support of La-Tex's position that prejudicial error occurred below. We do not consider any of the authorities cited as applicable, since the procedure followed with respect to the alternate juror was explained to and agreed upon by counsel for both parties before the jurors entered the jury room. Despite earnest efforts to inflate it into more serious proportions, we think that the innocuous nature of the remark speaks for itself.

The trial was a joint trial of La-Tex's claim and a separate suit covering the claims of several of the other

parties injured by the explosion, referred to in this record as "Cause No. 5032". Cause No. 5032 was originally brought by plaintiff's counsel, Otto A. Ritter, as Trustee, with him named as the plaintiff. The claims involved had been paid by La-Tex or its insurors, and assignments taken in the name of Mr. Ritter. At pretrial, and on motion of Fruehauf, La-Tex was substituted as the named plaintiff with respect to these aggregated claims. Prejudicial error is claimed to have occurred by this procedure as working a deprivation of the right of the several claimants to have their claims tried by jury and as improperly shifting the burden of proof to La-Tex. We find the argument without substance, since those persons having disposed of their claims for the cash value thereof no longer had any right to recover against Fruehauf or to have their claims tried by a jury. We are of the view that the real party in interest under Rule 17(a), F.R.Civ.P., was the owner of the assigned claims, La-Tex.

█ Further, we are not persuaded that the district judge abused the discretion committed to him under Rule 41, F.R.Civ.P., when he refused to permit La-Tex during the course of the trial to take a voluntary dismissal of Cause No. 5032.

█ Finally, La-Tex points to Title 28, U.S.C., Section 1359,[1] and asserts that the several claims comprising Cause No. 5032, none of which involved as much as $10,000.00, were impermissibly stacked or aggregated so as to come within the jurisdictional amount in controversy. The answer to this contention depends on what we have indicated above: that La-Tex was the real party in interest and the owner by assignment of the various claims aggregated in Cause No. 5032, and that under Rule 18, F.R.Civ.P., the plaintiff may " * * * join * * * as many claims, legal, eq-

uitable, or maritime, as he has against an opposing party".

The judgment appealed from is in all respects

Affirmed.

---

1. "§ 1359. Parties collusively joined or made

    A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."