Reta L. McCANTS, As Administratrix
of the Estate of Johnny L. McCants,
deceased, Plaintiff-Appellee,

v.

FORD MOTOR COMPANY, INC.,
Defendant-Appellant.

No. 85–7098.

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1986.

Bradley, Arant, Rose & White, Jere F. White, Jr. and M. Christian King, Birmingham, Ala., for defendant-appellant.

Leon Garmon, Gadsden, Ala., for plaintiff-appellee.

Before HILL and CLARK, Circuit Judges, and MOYE *, Chief District Judge.

HILL, Circuit Judge:

This case is before the court on defendant-appellant Ford Motor Company's appeal from an order of the district court dismissing plaintiff-appellee Reta McCants' suit without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## FACTS

Appellee Reta McCants, administratrix of the estate of Johnny McCants, deceased, commenced this suit against appellant Ford Motor Company in federal district court in Alabama. The action arose out of an accident in which appellee's decedent, a member of the United States Army Reserve, was killed while riding in a military jeep on a two week active duty training mission. The accident occurred in Mississippi, and the complaint sought damages under Mississippi products liability law.

The decedent was killed on July 24, 1982. Appellee filed suit against A.M. General, the company she believed had manufactured the military jeep in question, on July 20, 1983. Appellee maintains that she subsequently learned through discovery that appellant rather than A.M. General manufactured the jeep, and she sought leave to amend her action to substitute appellant as party defendant. Instead of allowing the amendment, the district court denied her motion to amend and dismissed the suit without prejudice. Appellee then filed this action, naming appellant as defendant, on November 14, 1983.

Discovery began in December of 1983 and continued through most of the following year. In January of 1985 the district court issued an order granting plaintiff-appellee's motion that the case be dismissed without prejudice. Although the action had been pending for more than a year, during which time considerable activity had taken place, the district court declined to attach any conditions to its order of dismissal.

Appellant argues on this appeal that the dismissal without prejudice and the failure to attach conditions were an abuse of the district court's discretion.

## DISCUSSION

### I. *The Dismissal Without Prejudice*

Rule 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss an action voluntarily and without prejudice to future litigation at any time. The rule provides in relevant part as follows:

> Except as provided in paragraph (1) of this subdivision of this rule [concerning dismissal by stipulation or by plaintiff prior to answer or motion for summary judgment], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The purpose of the rule "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.), *cert. denied*, 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961). Thus a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976).

As we have noted previously, however, in most cases a dismissal should

---

* Honorable Charles A. Moye, Jr., Chief U.S. District Judge for the Northern District of Georgia, sitting by designation.

be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result. *Id. See also Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir.1974); *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). Thus it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. *Durham*, 385 F.2d at 368. *See also Holiday Queen Land Corp.*, 489 F.2d at 1032; *Standard National Insurance Co. v. Bayless*, 272 F.2d 185 (5th Cir.1959). Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. *American Cyanamid Company v. McGhee*, 317 F.2d 295, 298 (5th Cir.1963); *Diamond v. United States*, 267 F.2d 23, 25 (5th Cir.), *cert. denied*, 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75 (1959). *See generally* 5 J. Moore, J. Lucas, & J. Wicker, Moore's Federal Practice §§ 41.05, 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 (1971). Dismissal on motion of the plaintiff pursuant to Rule 41(a)(2) is within the sound discretion of the district court, and its order may be reviewed only for an abuse of discretion. *La-Tex Supply Co. v. Fruehauf Trailer Div., Fruehauf Corp.*, 444 F.2d 1366, 1368 (5th Cir.), *cert. denied*, 404 U.S. 942, 92 S.Ct. 287, 30 L.Ed.2d 256 (1971); *American Cyanamid*, 317 F.2d at 298.

In this case, appellant argues it will suffer plain legal prejudice as a result of the district court's dismissal without prejudice, as it will lose the complete defense it claims it is afforded by the applicable statute of limitations in Alabama. Appellee, as well as the district court in which she originally filed, apparently assumed that either the six year statute of limitations applicable to wrongful death actions under Mississippi law or the two year statute applicable to wrongful death actions in Alabama would be used to determine the timeliness of her

suit. As the case developed, however, and the parties dedicated further research to the legal issues involved, it became clear that a very strong argument could be made for the application of the general one year statute of limitations applicable to actions not otherwise specifically provided for in other sections of the Alabama code. *See* Ala.Code § 6–2–39 (1977).

Appellant did not plead the one year statute of limitations in its original answer to the complaint. The issue first appears in the record in an amended answer filed July 18, 1984, in which it was simply stated that appellee's claims were barred by the applicable statute of limitations. Appellant then filed a motion for summary judgment on the basis of the one year statute on August 24, 1984; the district court denied that motion the day before it granted appellee's motion for dismissal without prejudice. Although no opinion accompanied the district court's denial of the motion for summary judgment, appellant argues that the district court, in its denial of the summary judgment motion, must have erroneously determined the one year statute of limitations to be inapplicable. Appellant thus argues not only that it suffered legal prejudice in that it lost the statute of limitations defense when the case was dismissed without prejudice, but that the district court abused its discretion when it failed even to acknowledge that important fact in its balancing of the equities.

Considering appellant's latter claim first, we are not convinced that the district court judge misunderstood the law applicable to the cause of action in this case, even if appellant correctly maintains that the one year Alabama statute should apply. Under the circumstances of this case, the district court's denial of the pending motion for summary judgment without opinion simply cannot be taken to imply that the district judge did not believe a serious statute of limitations problem to exist in this case. Rather, the more plausible interpretation of the district court's order, considered in context, is precisely to the contrary. It is clear from the face of the Rule 41(a)(2)

motion to dismiss that the motion was filed because of the same statute of limitations problem that prompted the motion for summary judgment. The motions were argued together before the district court, and the court ruled on them almost simultaneously. If the district court had not considered a serious statute of limitations problem to exist, the dismissal without prejudice would have been unnecessary. Thus we decline to assume, on the basis of the district court's disposition of the motion for summary judgment, that the court erroneously failed to recognize the strength of appellant's statute of limitations defense. The district court may instead have determined that it should rule on the motion for summary judgment before dismissing the action without prejudice, and thus may have ruled as it did simply to clear the way for the subsequent order of dismissal. Under the circumstances of this case, we cannot consider the district court's denial of appellant's motion for summary judgment to reflect the court's view of the applicable statute of limitations in Alabama as clearly as appellant suggests that it does, and that ruling can be of no consequence to our determination of whether the court abused its discretion when it granted the dismissal without prejudice.

The parties have not yet agreed on the statute of limitations applicable to this suit, as brought in Alabama, although appellant argues persuasively that Alabama's one year statute would apply. Appellee essentially argues her case on this appeal on the basis of the assumption that Alabama's one year statute bars the suit as brought in Alabama, and that a similar suit would not be time-barred in Mississippi, where appellee now intends to sue. We, too, will assume without deciding that the one year Alabama statute bars this suit as filed, but that it could be refiled in Mississippi under the statute of limitations applicable there. We thus must determine whether it constitutes an abuse of discretion for a district court to dismiss without prejudice an action that is time-barred as brought, where the purpose or effect of such dismissal is to allow the plaintiff to refile the action in a place or manner in which it is not similarly barred.

Only a few reported cases are on point. In *Love v. Silas Mason*, 66 F.Supp. 753 (W.D.La.1946), the court refused to grant a motion to dismiss without prejudice where the plaintiff would then have been able to refile in another jurisdiction with a longer statute of limitations. The court was of the view that the plaintiff should not be given an opportunity to avoid the prescribed legal effect of his delay. *Id.* at 754. In *Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176 (S.D.N.Y.1953), the court allowed the plaintiff to dismiss his action without prejudice in New York, where his suit was barred by the statute of limitations, so he could refile in Ohio, where the suit was not similarly barred. The court reasoned that no intentional abuse was evident in the case and that the plaintiff should not be forced to suffer for counsel's obviously inadvertent error. In *Germain v. Semco Service Machinery Co.*, 79 F.R.D. 85 (E.D.N.Y.1978), the court also allowed the plaintiff to dismiss his time-barred action without prejudice, although it appeared as if the plaintiff would then be able to refile the action in another jurisdiction with a longer statute of limitations. The court expressed the view that the statute of limitations should not weigh heavily in its decision under Rule 41(a)(2), because the defendant acquired no vested right as a result of plaintiff counsel's error in suing in New York. Thus, what little authority that exists on this particular question suggests that the likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal.

We find further support for this view in a binding decision of the former Fifth Circuit Court of Appeals. In *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366 (5th Cir.1967), the plaintiff appealed from a judgment dismissing his complaint with prejudice. The plaintiff filed suit on December 2, 1965 under the Federal Employers' Liability Act (FELA), alleging that

his employer, the defendant railroad, negligently failed to provide a safe place to work. The railroad denied that it had been negligent and pled contributory negligence as an affirmative defense. In May of the following year the case was set down for trial in October. The court conducted a pretrial conference on September 20, 1966. When the case was called for trial three weeks later the plaintiff, alleging newly discovered evidence, orally moved the court for leave to amend his complaint to include a claim under the Federal Safety Appliance Act. Under that Act, a plaintiff could recover without regard to his contributory negligence. Apparently finding the motion to amend untimely, since the purportedly new evidence had in fact been furnished by the plaintiff himself, the district court denied leave to amend; that ruling was not contested on appeal. The plaintiff then moved for a voluntary dismissal without prejudice, to which the defendant objected. The court denied the plaintiff's motion and directed him to proceed with his case. Plaintiff's counsel then announced that he could not proceed with the case, and the court dismissed the action with prejudice.

Noting that "[t]he record does not disclose any prejudice to the defendant, had a voluntary dismissal been granted, other than the annoyance of a second litigation upon the same subject matter," the court of appeals reversed the decision of the district court and remanded the case with instructions that it be reinstated. *Durham*, 385 F.2d at 369. "On proper motion," the court further stated, "the complaint may be dismissed without prejudice upon such terms and conditions as the court deems proper." *Id.* In that case, as in this one, the plaintiff's untimeliness yielded the defendant a potentially great legal advantage, had the case proceeded to final judgment, that the defendant presumably would not have enjoyed in a subsequent lawsuit on the same facts. In reaching its decision, the Fifth Circuit in *Durham* obviously considered it important that there was no evidence in the record of bad faith on the part of plaintiff's counsel in failing to move to amend the complaint and

assert the new claim in a timely manner. Here, too, we find no evidence in the record to suggest that appellee or her counsel acted in bad faith in filing this action in Alabama or in filing it more than one year after the accident occurred. Under the circumstances, we cannot find appellant to have suffered any plain legal prejudice other than the prospect of a second lawsuit on the same set of facts. The district court thus did not abuse its discretion in granting the dismissal without prejudice in this case.

Appellant argues vigorously that, under the circumstances of this case, a dismissal without prejudice was an abuse of discretion even if the defendant's loss of its statute of limitations defense alone constitutes no clear legal bar to the dismissal. According to the defendant, the great costs it has incurred in defending this suit so far, in combination with the loss of the defense, together require us to find an abuse of discretion in the district court's decision to grant a dismissal without prejudice.

We reject this argument. We have already held the loss of a valid statute of limitations defense not to constitute a bar to a dismissal without prejudice. Appellant has cited no "practical prejudice" it has suffered so far that could not be alleviated by the imposition of costs or other conditions upon the dismissal without prejudice. Thus we cannot find the district court's dismissal without prejudice, when considered apart from the question of whether costs or other conditions should have been imposed, to have been an abuse of the district court's broad equitable discretion.

## II. *The Refusal to Attach Conditions*

Appellant argues that if the district court did not abuse its discretion in dismissing the action without prejudice, it should have at least imposed certain costs and attached certain conditions to the dismissal. Appellant claims the district court should have conditioned the dismissal on the payment by appellee of full compensation for the considerable time and effort it claims it wasted in defending this action. Further,

appellant argues that the district court should have imposed non-monetary conditions that would have the effect of insuring that appellant retains the benefits it claims it is due under the terms of a discovery order with which appellee apparently failed to comply. According to appellant, under the clear terms of an order of the district court in this litigation, appellee would not have been able to call any expert witnesses at trial if this case had not been dismissed, because she failed to furnish to appellant certain information the court ordered her to furnish concerning the expert witnesses she intended to call at trial. According to appellant, it should be permitted to retain the benefits of the sanction thereby imposed in any subsequent litigation.

■ A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. *See LeCompte*, 528 F.2d at 603; 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1971). Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. *See American Cyanamid*, 317 F.2d at 298; *Bishop v. West American Insurance Co.*, 95 F.R.D. 494, 495 (N.D.Ga.1982). Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit. *See Germain*, 79 F.R.D. at 87. We have also noted previously that a dismissal without prejudice pursuant to Rule 41(a)(2) may be conditioned upon the satisfaction of other non-monetary conditions designed to alleviate the prejudice the defendant might otherwise suffer. *See LeCompte*, 528 F.2d at 603 (citing cases).

Appellant assures us, and appellee does not dispute, that appellant opposed the motion for dismissal without prejudice filed by appellee on January 15, three days before appellant's motion for summary judgment was set to be heard, and that appellant asked that any dismissal of the action without prejudice include the imposition of specified conditions designed to alleviate the prejudice appellant would otherwise suffer. Appellant's memorandum in opposition to appellee's motion to dismiss, apparently prepared virtually overnight so it would be before the court when it heard argument on both motions on January 18, does not appear in the record on appeal. Only a motion filed by appellant in September of 1984, in opposition to an earlier motion for dismissal without prejudice that was subsequently withdrawn, provides any insight into the factors appellant might have urged the district court to consider in response to the rather sudden motion filed by appellee four months later. Further, the district court did not explicitly rule on appellant's request, instead simply denying it by implication by failing to impose or discuss any conditions when the dismissal without prejudice was ordered.

As a result, the record now before this court is insufficient to allow us to evaluate the district court's exercise of its discretion in rejecting appellant's request for the attachment of conditions to its order dismissing the case. It is clear that discovery had proceeded and that interrogatories had been served, objected to, and answered to some extent. Depositions had been taken. Appellant had obviously incurred considerable litigation expense. Just how much of the work done by appellant in this case was wasted and how much will be useful in further litigation in Mississippi is not clear. While appellee does not concede that her suit in Alabama is barred by the statute of limitations, it is apparent that appellant's position on the statute of limitations motivated the motion for dismissal without prejudice. As the record makes clear, however, the parties were aware of the statute of limitations problem long before appellee

filed the motion to dismiss that was granted by the district court. The district court judge is in a far better position than we are to weigh and advise us concerning the equities, whether currently in the record or not, that militate for and against the imposition of the various conditions appellant claims are due. We simply cannot properly evaluate the district court's exercise of its discretion in this regard without the benefit of some record of the factors it took into consideration in reaching its decision. We thus remand the case, with instructions as indicated below, for further proceedings in the district court. *See LeCompte*, 528 F.2d at 605 (remanding case for reconsideration of dismissal without prejudice pursuant to Rule 41(a)(2) because "there is nothing in the order or in the record from which we can ascertain whether the court properly exercised its discretion in imposing conditions on the dismissal").

### CONCLUSION

For the reasons set forth above, we VACATE the district court's order dismissing this case without prejudice and REMAND the case to the district court for further proceedings not inconsistent with this opinion. On remand, the district court is instructed to rule on appellant's request that conditions be attached to any dismissal of this case without prejudice, and to state the findings and conclusions that lead the court to arrive at the decision it reaches in that regard. The district court may hold further hearings to aid it in determining the conditions that may be appropriate if it so desires. The court need not do so, however, if it finds the current record sufficient to allow it to prepare the order it deems appropriate. During the remand, we will retain jurisdiction over this appeal. We are mindful of the heavy workload under which the district court is now operating. If the district court's calendar will permit it, however, we ask that the order contemplated by this remand be forwarded within 45 days.