In re Francoise Le Guehennec SCHIEF a/k/a Francoise Le Guehennec Midgette, Debtor.

Daniel L. BAKST, Trustee, Plaintiff,

v.

Francoise Le Guehennec SCHIEF a/k/a Francoise Le Guehennec Midgette, Defendant.

Daniel L. BAKST, Trustee, Plaintiff,

v.

John–Maurice MIDGETTE, Defendant.

Bankruptcy No. 88–05194–BKC–TCB.
Adv. Nos. 89–0205–BKC–TCB–A,
89–0206–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 5, 1989.

872

Jeffrey B. Lathe, Ackerman, Bakst, & Lauer, P.A., West Palm Beach, Fla., for plaintiff.

Jeffrey H. Frank, Palm Beach Gardens, Fla., for defendants.

## ORDER ON FEES AND COSTS

THOMAS C. BRITTON, Chief Judge.

On May 1, 1989, the trustee filed two adversary complaints which were voluntarily dismissed by notices filed June 5. Based on plaintiff's voluntary dismissal, the cases were not tried on June 6, the scheduled trial date. Dismissal was granted in each adversary proceeding on June 8, pursuant to B.R. 7041, incorporating *Fed. R.Civ.P.* 41(a)(2). Four days later, defendants moved to assess attorneys' fees and costs as a condition for plaintiff's receiving dismissal without prejudice. The matters were heard on June 27.

In Adv. No. 89–0205, the trustee's complaint against the debtor sought to avoid preferential transfers and fraudulent transfers, and to recover these sums from the debtor under 11 U.S.C. § 550(a). The complaint alleges that transfers in the amount of $43,000 were made by the debtor to three relatives in France within a year before bankruptcy. The defendant debtor filed an answer on May 26, incorporating a motion to dismiss for failure to state a cause of action under § 550(a). An amended motion to dismiss was filed by the debtor on June 5.

In Adv. No. 89–0206, the trustee's complaint against the debtor's son sought turnover of property of the estate. The complaint alleges that transfers in the amount of $18,000 were made by the debtor to her son and that the defendant son has refused to turn the money over to the trustee. The defendant filed an answer on May 30, incorporating a motion to dismiss asserting that the subject property is not property of the estate under 11 U.S.C. § 541.

In deciding the issue under B.R. 7041 raised by defendants' motions, this court is governed by *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir.1986), decided under *Fed.R.Civ.P.* 41(a)(2).[1]

> Each motion before this court recites: "[t]hat as the direct result of this action by plaintiff, defendant required counsel to protect his [or her] interests and incurred legal expense and costs in defense of plaintiff's complaint."

Movants orally represented at the hearing that defendants incurred fees in the amount of $631 in Adv. No. 89–0205 and $806 in Adv. No. 89–0206, and costs in the amount of $9.00 for each proceeding.

The motions provide no description of services or any detail, and are therefore insufficient to enable an evaluation of time spent by counsel in accordance with *McCants, supra.* There is no way to tell from the motions whether work done by counsel is wasted or is ultimately useful in further litigation brought by the trustee.[2] It is defendant's burden to present in its application for fees sufficient documentation and description of counsel's services.[3] No attempt was made in these motions to provide this information to the court.

For the foregoing reasons, each defendant's request for fees is denied. The request for costs is denied with respect to defendant John–Maurice Midgette. The request for reimbursement of costs in the amount of $9.00 is granted with respect to the defendant debtor.

DONE and ORDERED.

---

1. The rule provides, in part:
   "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

2. The trustee filed a subsequent complaint against the debtor's son on June 13, to avoid and recover fraudulent transfers under 11 U.S.C. §§ 548 and 550(a).

3. *See Spalter Fin. Co. v. United Pacific Ins. Co.*, No. 83 C5814 (N.D.Ill. Apr. 15, 1985) (1985 W.L. 746, FBKR–CS).