**FARMACEUTISK LABORATORIUM FERRING A/S, Plaintiff,**

v.

**REID ROWELL, INC. Defendant.**

**Civ. A. No. 1:89–CV–1972–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 12, 1991.

Jerry Byron Blackstock, William M. Ragland, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., D. Douglas Price, Fleit, Jacobson, Cohn, Holman & Stern, Washington, D.C., for plaintiff.

Julius R. Lunsford, Jr., Jones, Askew & Lunsford, Atlanta, Ga., John P. White, Robert D. Katz, Norman H. Zivin, Cooper & Dunham, New York City, for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff's motion to dismiss its complaint (or in the alternative to withdraw its opposition to defendant's motion for summary judgment) and motion to dismiss defendant's counterclaim for lack of subject matter jurisdiction.

## I. STATEMENT OF THE CASE

On September 1, 1989 plaintiff Farmaceutisk Laboratorium Ferring A/S (hereinafter "plaintiff"), assignee of U.S. Patent No. 4,496,553 (hereinafter "the '553 patent"), filed the above-styled patent infringement action. Plaintiff's complaint charges defendant Reid Rowell, Inc. (hereinafter "defendant") with direct infringement of the '553 patent under 35 U.S.C. § 271(a) and with inducing others to infringe under 35 U.S.C. § 271(b). Plaintiff's lawsuit seeks to end defendant's allegedly unauthorized use of the treatment methods claimed in the '553 patent.

Defendant moved this court for summary judgment, on July 6, 1990, contending that defendant itself does not practice the subject treatment method and, therefore, cannot be a direct infringer of the patent in suit under 35 U.S.C. § 271(a). Defendant further contends that since no infringement of the '553 patent has taken place, defendant cannot be liable for inducing infringement in violation of 35 U.S.C. § 271(b).

Plaintiff now moves this court for leave to dismiss pursuant to Fed.R.Civ.P. 41(a)(2), with the stipulation that defendant's current activities [1] are not acts of infringement. Plaintiff alleges that after conducting substantial discovery on certain issues of fact, it has concluded that it is unable to present sufficient evidence to rebut defendant's contentions that defendant has not engaged in activities which are subject to claims of infringement of the patent-in-suit.

In the event that the motion to dismiss its complaint is granted,[2] plaintiff contends that defendant's counterclaim for declaratory judgment of patent invalidity, unenforceability and non-infringement must also be dismissed for lack of subject matter jurisdiction, thereby disposing of all the claims in this case and rendering moot any outstanding discovery-related motions. Although defendant agrees that plaintiff's complaint should be dismissed, it strongly opposes dismissal of its counterclaim for a declaratory judgment pursuant to Fed. R.Civ.P. 41(a)(2). Plaintiff's motions are now ripe for review.

## II. CONCLUSIONS OF LAW

■ Both plaintiff's motion for voluntary dismissal of its complaint and mandatory dismissal of defendant's counterclaim were filed pursuant to Fed.R.Civ.P. 41(a)(2) which provides:

(2) **By Order of the Court.** Except as provided in paragraph (1) of the subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). Where there exists an independent jurisdictional basis for the counterclaim, Rule 41 does not bar dismissal of plaintiff's complaint. *See McGraw–Edison Co. v. Performed Line Products Co.*, 362 F.2d 339 (9th Cir.1966). Here, there exists an independent jurisdictional basis for defendant's counterclaim—federal

---

1. Defendant now sponsors clinical trials in which physicians orally administer the subject treatment to patients who have ulcerative colitis, otherwise known as Crohn's Disease.

2. Or in the event that summary judgment is entered against plaintiff regarding its claim that defendant's current activities infringe the patent-in-suit.

patent jurisdiction. *See* 28 U.S.C. § 1338;[3] *see also Schwartzkopf Development Corp. v. Ti–Coating, Inc.*, 800 F.2d 240, 244 (D.C.Cir.1986) ("[a]djudication of a patent counterclaim is the exclusive province of the federal courts"). Since defendant's counterclaim has a jurisdictional basis independent of the main action, the provision of Rule 41(a)(2) relating to counterclaims does not bar this court from dismissing plaintiff's complaint or require the dismissal of defendant's counterclaim.

■ Having determined that defendant's counterclaim for declaratory judgment does not bar a voluntary dismissal of the complaint, this court must next consider the merits of plaintiff's motion for voluntary dismissal. Rule 41(a)(2) permits a district court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper." The purpose of the rule "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir.1986) (citing *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142 (1st Cir.), *cert. denied*, 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961)). Thus, under Rule 41(a)(2) the plaintiff's interest in dismissal is of little concern. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). Notwithstanding the fact that plaintiff's interests are not considered, it is nevertheless the rule in this circuit that "dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a second lawsuit, as a result." *McCants*, 781 F.2d at 856–57.

The decision as to the terms and conditions that should be imposed, if any, is within the discretion of the trial court. "[T]he district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.*, at 857.

In the case *sub judice*, there is no claim that dismissal without prejudice of the above-styled action would result in substantial legal harm to the defendant. Indeed, so long as the court maintains jurisdiction over its counterclaim for invalidity, unenforceability, and non-infringement of the '553 patent, defendant states no objection to an order granting plaintiff's motion to dismiss its own complaint or, in the alternative, granting summary judgment in its favor on all of plaintiff's claims. Defendant has, however, incurred great expense in defending this action and contends that plaintiff should not be permitted to dismiss its own complaint without prejudice unless it reimburses defendant for all of its litigation-related expenses, including reasonable attorney's fees. This court agrees in principle.

■ "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 860 (11th Cir.1985). Here, however, there is a distinct possibility that there is substantial overlap of utility of the work done to defend with the work required for the counterclaim. Accordingly, the dismissal is conditioned upon plaintiff making defendant whole for expense that turns out to be unnecessary. The determination of the amount will be deferred until after the counterclaim is resolved.

## III. CONCLUSION

In sum, plaintiff's motion to dismiss defendant's counterclaim for invalidity, unenforceability and non-infringement of the '553 patent for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P.

---

**3.** 28 U.S.C. § 1338(a) provides as follows: "The district courts shall have original jurisdiction of any civil action arising under Act of Congress relating to patent, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

41(a)(2) is DENIED. Plaintiff's motion to dismiss its complaint voluntarily in the above-styled action without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) is GRANTED upon the condition that plaintiff reimburse the defendant for its considerable expenses and reasonable attorney's fees. The amount will be determined after the counterclaim is concluded.

SO ORDERED.