**Kenneth DER and Judy Der, d/b/a "K & J Nursery," Plaintiffs,**

**v.**

**E.I. DUPONT DE NEMOURS & COMPANY, a Delaware Corporation, Defendant.**

**No. 91–1750–CIV–T–17B.**

United States District Court, M.D. Florida, Tampa Division.

June 2, 1992.

Robert Eugene Puterbaugh, Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lakeland, Fla., J. Davis Connor, Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lake Wales, Fla., for plaintiffs.

Richard Alan Solomon, Chris Nick Kolos, Thomas Michael Burke, Cabaniss, Burke & Wagner, P.A., Orlando, Fla., for defendant.

## ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

KOVACHEVICH, District Judge.

Plaintiffs brought suit to recover damages arising out of its use of a fungicide, known as *Benlate DF*, which was manufactured by the defendant and sold by a distributor, Asgrow, a Florida Company. The jurisdiction of this civil action is based on 28 U.S.C. section 1332 as plaintiff and defendant are corporate citizens of different states and claimed damages exceed $50,-000.

Plaintiffs now ask this court to grant their motion for a voluntary dismissal without prejudice so they may proceed in state court with the same claims in order to add the distributor, a resident corporation not of diverse citizenship, as a party defendant. Since the defendant has already filed an answer and does not stipulate to plaintiffs' motion, leave of court is required. Rule 41(a)(2) Fed.R.Civ.P. Moreover, the defendant asks that it be awarded attorney's fees and costs incurred in defending this action in federal court if this court grants the plaintiffs' motion.

Usually a court will grant a Rule 41(a)(2) motion providing for a dismissal without prejudice unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.1986); *Holiday Queen Land Corp. v. Baker*, 489 F.2d

1031, 1032 (5th Cir.1974); *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir.1967). Therefore, it is no bar to a voluntary dismissal that the plaintiff may gain a tactical advantage in future litigation. *McCants*, 781 F.2d at 857; *Durham*, 385 F.2d at 368. Instead, the Eleventh Circuit recognizes that a "district court must exercise its broad discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case." *McCants*, 781 F.2d at 857.

In this case the defendant argues that the motion for voluntary dismissal should not be granted for two reasons: First, because it claims that the plaintiffs' only reason for seeking to join Asgrow is to defeat diversity jurisdiction and second, the defendant claims that it will be prejudiced to the extent of costs and attorneys' fees expended in the original suit. The Court does not find these arguments to be persuasive.

There is no evidence which leads this Court to believe that the plaintiff seeks to join Asgrow simply to defeat diversity jurisdiction. The defendants claimed in their answer, as an affirmative defense, that the fungicide was altered by a third party who they did not control. Thus, it would certainly be prudent for the plaintiffs to join Asgrow, from whom they purchased the fungicide, to cover the potentiality that Asgrow altered the product. Furthermore, assuming arguendo that the plaintiffs would gain a tactical advantage by defeating diversity jurisdiction, a tactical advantage is no bar to a voluntary dismissal. *McCants*, 781 F.2d at 857; *Durham*, 385 F.2d at 368.

Prejudice to the extent of costs and attorneys' fees expended in the original suit is no bar to this court granting a motion for voluntary dismissal without prejudice. Instead, this Court has the discretion to award the defendant all litigation related expenses, including reasonable attorneys' fees, as a condition of granting the plaintiff's motion for a voluntary dismissal without prejudice. *McCants*, 781 F.2d at 860. Such award could be given in order to alleviate any prejudice the defendant may otherwise suffer. However, since this Court is convinced that the defendant will not suffer any prejudice resulting from its expenditures, its request for an award of costs and attorneys' fees as a condition to granting the plaintiffs' motion is denied.

The defendant has only been put to limited expense in defending this action. Neither party has conducted any discovery. Neither party has been required to answer this court's standard interrogatories and no trial date has been set. Additionally, as the defendant has pointed out, this is not the first time it has had to defend against similar lawsuits brought by plaintiffs who claimed that they had suffered damages resulting from the use of *Benlate DF*. The possibility that the defendant will be prejudiced as a result of its limited expenditures is further reduced because the monies it spent will not be wasted. The plaintiffs have made it clear that they plan to bring the same lawsuit against the defendant in state court where the defendant will be able to make use of any discovery and legal arguments it could have presented to this court.

Finally, the defendant argues that it is entitled to recover its costs under Rule 41(d) of the Federal Rules of Civil Procedure. However, Rule 41(d) only applies to claims which have previously been dismissed. Thus, Rule 41(d) only justifies a cost award where the action has been once dismissed in any court which is not the case here. Accordingly, it is

ORDERED that the Motion for Voluntary Dismissal Without Prejudice be GRANTED, and this case be hereby DISMISSED without prejudice.

DONE and ORDERED.