996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emily TIBBETTS, a minor, By and Through her parent and
guardian ad litem; Mary TIBBETTS, Plaintiffs-Appellants,
v.
SYNTEX CORPORATION; Syntex Laboratories, Inc.; Syntex
U.S.A., Inc., Defendants-Appellees.
 No. 91-16637.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1993.
Decided July 2, 1993.
 
 Before: SCHROEDER, PREGERSON, D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Emily Tibbetts ("Tibbetts"), by and through her parent and guardian ad litem Mary Tibbetts, brought suit against Syntex Corporation, Syntex Laboratories, Inc., and Syntex U.S.A., Inc. (collectively "Syntex") to recover for injuries received as a result of consuming "Neo-Mull-Soy," an infant formula manufactured by Syntex. Tibbetts appeals from the district court's grant of summary judgment in favor of Syntex. We affirm.
 
 I. Expiration of the Statute of Limitations
 
 3
 The district court granted summary judgment in favor of Syntex on the grounds that the applicable statute of limitations had run. Tibbetts was a Florida resident during all relevant times; Syntex is a California resident. We apply the choice of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941). California restricts forum shopping by foreign plaintiffs by "borrowing" the statute of limitations from the state in which the cause of action arose. See Cal.Civ.Proc.Code § 361.[1] The district court found that Tibbetts' cause of action had arisen in Florida and that, pursuant to Fla.Stat. § 95.11 Tibbetts' claims were subject to a limitations period of no more than four years.
 
 
 4
 Unlike California, Florida does not toll its statute of limitations for personal actions during a plaintiff's minority. See Slaughter v. Tyler, 171 So. 320, 323 (Fla.1936), overruled in part on other grounds, Manning v. Serrano, 97 So.2d 688 (Fla.1957); Fla.Stat. § 95.051(1)(h), (2). Tibbetts argues that California would apply its own tolling provision to the instant action and that the four-year limitations period would not commence until plaintiff reached the age of majority.[2] The district court rejected Tibbetts' reasoning and applied Florida law in its entirety, holding that the statute of limitations began to run when Mary Tibbetts received notice of her daughter's claim. We agree.[3]
 
 
 5
 The district court's interpretation is supported by the plain reading of the statutes. Because § 361 applies only to noncitizens, § 352 tolls the claims of all resident minors. Under the district court's interpretation, § 361 precludes § 352 protection only for a nonresident minor who brings suit in California. As the district court noted, "if the California legislature had intended to extend this exception to nonresident minors, it would have so provided." Moreover, we have already noted "the general rule that the borrowed statute of limitations is accepted with all its accouterments." Conner v. Spencer, 304 F.2d 485, 486 (9th Cir.1962) (rejecting the argument that "Oregon's borrowing statute borrows only Idaho's limitation period and not its tolling statute") (citation omitted). There is no conflict between these provisions.[4]
 
 II. Denial of Motion For Voluntary Dismissal
 
 6
 After Syntex moved for summary judgment, Tibbetts unsuccessfully moved for a voluntary dismissal of her action under Fed.R.Civ.P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.1989). In considering the motion, the district court must assess "whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir.1982). "Plain legal prejudice" requires a defendant to face more than "the prospect of a second lawsuit" or the loss of "some tactical advantage." Id.; see also James W. Moore, Jo Desha Lucas, and Jeremy C. Wicker, 5 Moore's Federal Practice p 41.05 (2d ed. 1993) (describing general rules).
 
 
 7
 Relying on Phillips v. Illinois Central Gulf Railroad, 874 F.2d 984 (5th Cir.1989), the district court concluded that Syntex would suffer clear legal prejudice by losing its statute of limitations defense.
 
 
 8
 We agree that the mere prospect of a second lawsuit on the same facts is not sufficiently prejudicial to the defendant to justify denial of a Rule 41(a)(2) motion to dismiss.... In this case, however, the facts in the second lawsuit would differ in that the defendant would be stripped of an absolute defense to the suit--the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding. If this does not constitute clear legal prejudice to the defendant, it is hard to envision what would.
 
 
 9
 Id. at 987. Similarly, the district court here concluded that Syntex would be prejudiced by having to defend the suit in another state where the statute of limitations had not run. This was not an abuse of discretion.[5]
 
 III. Award of Discovery Costs
 
 10
 Pursuant to the grant of summary judgment, Syntex filed a motion for taxation of costs in the amount of $4,720.05 for the depositions of Tibbetts' parents. On October 28, 1991, the district court ruled that Syntex was entitled to costs in the amount of $3,000. The district court's award of costs is reviewed for abuse of discretion. Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir.1990), cert. denied, 112 S.Ct. 61 (1991). We affirm.
 
 
 11
 We do not have jurisdiction to review the award. Tibbetts filed a timely notice of appeal on October 18, 1991. However, the district court did not award costs until October 28, and Tibbetts did not file a notice of appeal from this later order. Under Fed.R.App.P. 4(a), a party must file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." This requirement is jurisdictional. See, e.g., Miller v. Sumner, 872 F.2d 287, 288 (9th Cir.1989). Absent a timely filed notice of appeal, this court has no jurisdiction.
 
 
 12
 Were we to reach the merits, we would also affirm. "Costs are awarded to the prevailing party in civil actions as a matter of course absent express statutory provision." National Org. for Women v. Bank of Cal., Nat'l Assoc., 680 F.2d 1291, 1294 (9th Cir.1982); Fed.R.Civ.P. 54(d). Among the items which may be taxed as costs are "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," 28 U.S.C. § 1920(2), which includes costs for deposition transcripts. Alflex, 914 F.2d at 176 n. 3. Moreover, the district court exercised its discretion in awarding only a portion of defendants' costs on the grounds "that the amount submitted [was] excessive." There was no abuse of discretion.
 
 
 13
 AFFIRMED.
 
 PREGERSON, Circuit Judge, dissenting:
 
 14
 I dissent.
 
 
 15
 The majority's ruling on the limitations issue stands on a firm basis. I also agree with the majority on the award of costs to Syntex, but I part company with the majority ruling that affirms the district court's order dismissing Tibbetts' claims with prejudice.
 
 
 16
 I would follow the Eleventh Circuit's decision in McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir.1986), and find that the district court abused its discretion when it refused to grant Tibbetts' motion for voluntary dismissal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued." Cal.Civ.Proc.Code § 361
 
 
 [2]
 "If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued ... [u]nder the age of majority ... the time of such [minority] is not a part of the time limited for the commencement of the action." Cal.Civ.Proc.Code § 352(a)
 
 
 [3]
 Tibbetts has not challenged the district court's conclusions that Mary Tibbetts was on notice of the possible injuries no later than 1982, nor has she argued that discovery of her learning disabilities (as opposed to discovery of her earlier physical illnesses) was not possible until after that date
 
 
 [4]
 We reject Tibbetts' reliance on Jessica H. v. Allstate Ins. Co., 202 Cal.Rptr. 239 (Ct.App.1984), and Williams v. Los Angeles Metro. Transit Auth., 68 Cal.Rptr. 297 (Cal.1968) (in bank). Neither case addressed the interaction between § 352 and § 361 because residency was not at issue and had no effect on the applicable limitations periods. Jessica H. does not even mention § 361; its enforcement of the § 352 tolling provision in the face of the Hawaii two-year statute of limitations was based solely upon construction of the relevant insurance contract
 Tibbetts also argues that the district court erred by reading a "residency requirement" into § 352, citing Cvecich v. Giardino, 99 P.2d 573, 576 (Cal.Ct.App.1940). Cvecich, however, construed Cal.Civ.Proc.Code § 351, which tolls the statute of limitations based on a defendant's absence from the state.
 
 
 [5]
 Tibbetts instead urges us follow an earlier Eleventh Circuit decision, McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir.1986). In the different procedural context of a defendant's appeal from a grant of a Rule 41(a) motion, the Eleventh Circuit held that "the likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal." Id. at 858. The district court, however, found the reasoning and procedural posture of Phillips to be more similar to the present case than that of McCants