**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GLORIA DEAN; EUNICE ALDRIDGE;
RICHARD F. ALDRIDGE; PHYLLIS
STEWART; CHARLES STEWART;
DOROTHY COOK; DWIGHT COOK;
SHARENA DEIHL; CAROLYN SUE
DELANEY; DEBRA DOVE; JAMES DOVE;
CAROLYN DURST; JO ANN KILLMON;
CHARLES KILLMON; DEBORAH
REDMAN; LESTER REDMAN; CAROLYN
RIDENOUR; IRVIN RIDENOUR; MELISSA
ROBIN; ROSE WOLF,
              *Plaintiffs-Appellees,*

and

JOHN & JANE DOE, 1-500, State of
West Virginia; JOHN & JANE DOE,
501-550, State of West Virginia,
              *Plaintiffs,*              No. 01-1506

v.

PILGRIM'S PRIDE CORPORATION,
              *Defendant-Appellant,*

and

GILMER INDUSTRIES, INCORPORATED, a
Virginia corporation; ROLLINGER
ENTERPRISES, INCORPORATED, a
Virginia corporation; ESIS LOSS
CONTROL SERVICES, INCORPORATED,
              *Defendants.*

GLORIA DEAN; EUNICE ALDRIDGE;
RICHARD F. ALDRIDGE; PHYLLIS
STEWART; CHARLES STEWART;
DOROTHY COOK; DWIGHT COOK;
SHARENA DEIHL; CAROLYN SUE
DELANEY; DEBRA DOVE; JAMES DOVE;
CAROLYN DURST; JO ANN KILLMON;
CHARLES KILLMON; DEBORAH
REDMAN; LESTER REDMAN; CAROLYN
RIDENOUR; IRVIN RIDENOUR; MELISSA
ROBIN; ROSE WOLF,
          *Plaintiffs-Appellees,*

                and

JOHN & JANE DOE, 1-500, State of
West Virginia; JOHN & JANE DOE,
501-550, State of West Virginia,
          *Plaintiffs,*                    No. 01-1514

                v.

GILMER INDUSTRIES, INCORPORATED, a
Virginia corporation,
          *Defendant-Appellant,*

                and

PILGRIM'S PRIDE CORPORATION;
ROLLINGER ENTERPRISES,
INCORPORATED, a Virginia
corporation; ESIS LOSS CONTROL
SERVICES, INCORPORATED,
          *Defendants.*

GLORIA DEAN; EUNICE ALDRIDGE;
RICHARD F. ALDRIDGE; PHYLLIS
STEWART; CHARLES STEWART;
DOROTHY COOK; DWIGHT COOK;
SHARENA DEIHL; CAROLYN SUE
DELANEY; DEBRA DOVE; JAMES DOVE;
CAROLYN DURST; JO ANN KILLMON;
CHARLES KILLMON; DEBORAH
REDMAN; LESTER REDMAN; CAROLYN
RIDENOUR; IRVIN RIDENOUR; MELISSA
ROBIN; ROSE WOLF,
     *Plaintiffs-Appellees,*

   and

JOHN & JANE DOE, 1-500, State of
West Virginia; JOHN & JANE DOE,
501-550, State of West Virginia,
     *Plaintiffs,*
             No. 01-1515

   v.

ESIS LOSS CONTROL SERVICES,
INCORPORATED,
     *Defendant-Appellant,*

   and

PILGRIM'S PRIDE CORPORATION;
GILMER INDUSTRIES, INCORPORATED, a
Virginia corporation; ROLLINGER
ENTERPRISES, INCORPORATED, a
Virginia corporation,
     *Defendants.*

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-99-93-3)

Argued: December 5, 2001

Decided: December 19, 2001

Before MOTZ, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Kevin M. Rose, WHARTON, ALDHIZER & WEAVER, P.L.C., Harrisonburg, Virginia, for Appellants. Michael Gene Hoehn, Falls Church, Virginia, for Appellees. **ON BRIEF:** Glenn M. Hodge, WHARTON, ALDHIZER & WEAVER, P.L.C., Harrisonburg, Virginia, for Appellant Pilgrim's Pride; Gary A. Kalbaugh, Jr., James H. Revere, III, KALBAUGH, PFUND & MESSERSMITH, P.C., Richmond, Virginia, for Appellant Gilmer Industries; Melissa W. Robinson, Victor S. Skaff, Monica L. Taylor, GENTRY, LOCKE, RAKES & MOORE, L.L.P., Roanoke, Virginia, for Appellant ESIS.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pilgrim's Pride Corporation of Virginia, Gilmer Industries, Incorporated, and ESIS, Incorporated (collectively "the companies"), appeal from an order dismissing a toxic-tort action against them. They argue that the district court abused its discretion when it refused to require the plaintiffs to refile only in Virginia. Finding no abuse of discretion, we affirm.

I.

On October 27, 1999, five plaintiffs, not purporting to represent a class, filed a toxic-tort action against the companies and one other defendant in the Western District of Virginia, claiming that chemicals in the air at a chicken-processing plant in West Virginia had injured them. Over the next nine months, fifteen more named plaintiffs joined the suit, and the district court dismissed accompanying claims, filed in the names of fictitious plaintiffs, for lack of standing. The parties conducted some discovery, but took no depositions.

On August 11, 2000, three days before the deadline for disclosure of their expert witnesses, the plaintiffs moved for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). In relevant part, the rule provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). The plaintiffs explained that they needed time for additional investigation because new plaintiffs had recently joined the case, and that their counsel needed more time to find co-counsel.

After a magistrate judge recommended dismissal without prejudice on a number of conditions, the district court granted it, imposing only two of the recommended conditions: discovery in the dismissed action would be used in any future actions, and the plaintiffs would be liable to two defendants for up to $2000 in attorney fees, if they lost a refiled action pursuant to Federal Rules of Civil Procedure 12 or 56. The court noted the relatively early stage of the litigation, and particularly the absence of any pending motions for summary judgment, accepted plaintiffs' good faith, citing their reasons for dismissal other than evasion of an adverse ruling or simple neglect, and noted that the companies would be able to use the discovery already conducted in any future case. Accordingly, the court refused to require the plaintiffs to refile only in Virginia.

II.

The companies contend that the district court abused its discretion under Rule 41(a)(2) by refusing the requested condition. They argue

that they were prejudiced by loss of both a valid limitations defense, under Virginia law, and a tactical advantage, the fast approaching deadline for disclosure of expert witnesses. Having had the benefit of oral argument and of the parties' briefs, we conclude that the district court did not abuse its discretion in deciding the issue before it. *See Metropolitan Federal Bank of Iowa v. W.R. Grace Company*, 999 F.2d 1257, 1263 (8th Cir. 1993); *McCants v. Ford Motor Co.*, 781 F.2d 855, 858-59 (11th Cir. 1986). Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*