Christopher ECHOLS, a minor child appearing by and through his Guardian Ad Litem T. Alan PITTMAN, Kimberly Echols and Christopher J. Echols, Plaintiffs,

v.

EBA KRUG & PRIESTER GmbH & CO. KG and Security Engineered Machinery Co., INC., Defendants.

No. 5:03–CV–726–H3.

United States District Court, E.D. North Carolina, Western Division.

Jan. 7, 2005.

Ronnie M. Mitchell, Mitchell, Brewer, Richardson, Adams, Burns & Boughman, Coy E. Brewer, Mitchell Brewer Richardson, Adams, Burge & Boughman, Fayetteville, NC, for plaintiffs.

Richard T. Boyette, Cranfill, Sumner & Hartzog, LLP, David M. Duke, Young, Moore and Henderson, Brian E. Clemmons, Young, Moore & Henderson, Raleigh, NC, for defendants.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiffs' motion for voluntary dismissal without prejudice as well as defendant Security Engineered Machinery Company ("SEM") and defendant EBA Krug & Priester GmbH & Co.'s ("EBA") motions for summary judgment. Appropriate responses and replies have been filed. Therefore, this matter is ripe for adjudication.

## STATEMENT OF THE CASE

This case is a products liability suit against defendant SEM as the seller of a defectively designed paper shredder (Model SEM266) manufactured by defendant EBA Krug & Priester GmbH & Co. KG ("EBA"). Plaintiffs' amended complaint alleges claims for defective design, inadequate warning, inherently dangerous instrumentality, and breach of the implied warranty of merchantability.

On the morning of June 26, 2001, eight-year-old plaintiff, Christopher Echols, went to work with his mother, Kimberly Echols, at Pope Air Force Base's legal office. His mother placed him in the waiting room to wait for his babysitter to pick him up at around 12:30 p.m. One of the items in the waiting room was a paper shredder manufactured and distributed by defendants.

Christopher spent the morning playing, watching TV, and practicing his handwriting in the waiting room. At approximately 11:30 a.m., Christopher's mother asked him to clean up since his babysitter would be arriving soon. While cleaning up, Christopher took some paper he had been writing on and placed it into the paper shredder.

As Christopher placed the paper into the shredder it became stuck, and Christopher used his right hand to push the paper into the machine. His right hand was pulled into the shredder where his index, middle, ring, and pinky finger were amputated at the first joint. He was taken to the emergency room, but the doctors were unable to save his fingers. He had surgery to remove devitalized tissue and shorten remaining bones to allow soft tissue coverage.

The paper shredder was a heavy duty paper shredder, model number SEM266, manufactured by defendant EBA for defendant SEM for retail sale and distribution.

## COURT'S DISCUSSION

### I. Standard of Review

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, with order of the court, to dismiss an action voluntarily and without prejudice. Rule 41(a)(2) provides in relevant part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2).

Courts should freely allow voluntary dismissals unless there will be unfair prejudice to the parties. "In most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice." *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855, 856–57 (11th Cir.1986). *See also, Gross v. Spies*, 133 F.3d 914, 1998 WL 8006 (4th Cir.1998) (unpublished opinion) (Rule 41(a)(2) motion should not be denied "absent plain legal prejudice to the defendant.")

> Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case.

*Gross*, 1998 WL 8006, *5 (4th Cir.1998) (unpublished opinion) (internal citations omitted).

"It is well established, that for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Davis. v. USX Corporation*, 819 F.2d 1270, 1274–75 (1987) (internal citations omitted).

"The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Id.*, citing *McCants, supra.*

## II. Analysis

Just prior to plaintiffs' filing of this motion to voluntarily dismiss, defendants filed a motion for summary judgment, arguing that plaintiffs' claims are barred by the North Carolina statute of repose for products liability cases.

Defendants argue that they will be legally prejudiced if the motion to voluntarily dismiss is granted since plaintiffs fully intend to bring a claim that would otherwise be barred against defendants. Plaintiffs have made it clear that they intend to refile their claim in another forum where the statute of repose will not be a hindrance to them.

■ The court notes that there has been little or no discovery conducted in this case. The defendants have not expended great efforts and expenses in preparing for trial. The plaintiffs have sufficiently explained their need for dismissal as well as the fact that at the time of filing this suit they had no knowledge of the date of manufacture of the paper shredder. As plaintiffs did not possess the information regarding the manufacture date of the shredder, plaintiffs have not delayed excessively in asking for this dismissal. Finally, although a motion for summary judgment has been filed, this motion is more akin to a motion to dismiss in that full discovery has not been conducted and the motion is based on a statute of repose defense.

Additionally, this court finds that defendants will not suffer clear legal prejudice by this dismissal because, as noted above, the prospect of a second lawsuit does not constitute clear legal prejudice. *See Davis*, supra.

Having considered all the factors and having balanced the equities in this matter, the court hereby grants plaintiffs' motion and dismisses this matter without prejudice. The motions for summary judgment are deemed moot. The clerk is directed to close the case.