996 F.2d 1227
 Pens. Plan Guide P 23882C
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Leonard SHANE, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORP., Mercury Savings and Loan, Defendant-Appellee.
 No. 91-56373.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1993.
Decided June 30, 1993.
 Before: HALL, WIGGINS, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Leonard Shane ("Shane") appeals the district court's grant of summary judgment to the Resolution Trust Corporation ("RTC"). Appellant contends he is entitled to retirement benefits of $880,000 due to him under a "top-hat" retirement plan ("Plan") designed for a select group of former employees of Mercury Savings and Loan Association ("Mercury"). The district court granted the RTC's motion for summary judgment. Shane now appeals.
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. § 1331 (1988). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 (1988). We affirm.
 
 
 4
 * STANDARD OF REVIEW
 
 
 5
 A grant of summary judgment is reviewed de novo. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 629 (9th Cir.1987). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 II
 DISCUSSION
 
 6
 Stripped to its essentials, this case boils down to whether Shane's rights to the disputed benefits had vested prior to the RTC's termination of his contract. Under the controlling language of the Plan, it is clear they did not. The Plan provides that a benefit will vest when it is in "pay status." Thus, whether Shane's benefits had vested under the terms of the Plan depends upon the meaning of "pay status."
 
 
 7
 Shane argues that the meaning of "pay status" is ambiguous. In reviewing the contract as a whole, however, it is clear that "pay status" can only be understood as "being paid." Under the terms of the Plan, for Shane's benefits to have vested, he would have had to retire. Section 3 of the Plan entitled "Eligibility to Participate" provides:
 
 
 8
 Each Executive who is a participant in the Basic Plan, and who either:
 
 
 9
 (a) reaches Normal Retirement Age while employed by the Association and retires on or after such date; or
 
 
 10
 (b) has voluntarily retired from the Association after reaching age 55 and completing at least 15 Years of Service but prior to reaching Normal Retirement Age, shall become a Participant in this Plan upon such retirement. Notwithstanding the foregoing, no benefit shall be paid to an Executive who is terminated by the Association for good cause.
 
 
 11
 (emphasis added). Moreover, section 5(b) provides that benefits will commence "on the first month following the Participant's retirement." Thus, the Plan requires that the executive retire to receive payment.
 
 
 12
 Because Shane had not retired at the time the RTC took over Mercury, his benefits had not vested under the terms of the contract. Therefore, the RTC had authority under 12 C.F.R. § 563.39 to deny Shane his benefits.
 
 
 13
 Shane also contends that even if his rights were not vested at the time Mercury was seized, a material factual issue exists as to his employment status after seizure. After carefully reviewing Shane's arguments as well as the record on appeal, we have concluded that those arguments are without merit. Accordingly, the decision of the district court granting RTC's motion for summary judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3