996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack RUGGLES, Jr., et al., Plaintiffs-Appellees,
v.
STATE OF NEVADA, Gary Whipple, David Sowder, David Hefner,
Janet Garrietty, T.J. Cappaccio, Lou Gregory, Sam
McMurray, Defendants-Appellants.
 No. 92-15052.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided July 1, 1993.
 
 Before: FERGUSON, CANBY, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case presents numerous issues regarding the qualified immunity of state officials sued in their individual capacity by Jack, Jr., and Tamra Ruggles ("the Ruggles") under 42 U.S.C. § 1983. Various officers of the Public Service Commission of Nevada ("PSC officers") appeal the district court's denial of their summary judgment motion predicated on the affirmative defense of qualified immunity. We have jurisdiction over the federal claims in this interlocutory appeal pursuant to 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).
 
 
 3
 The district court's order denying summary judgment recites the ordinary summary judgment standard without acknowledging the overriding importance of the unique standard appropriate in the context of qualified immunity. See Romero v. Kitsap County, 931 F.2d 624, 628 (9th Cir.1991).[1] Nor does the order set forth its underlying legal conclusions. Under Federal Rule of Civil Procedure 52(a), the district court is not required to do so when denying a motion for summary judgment. "Because interlocutory review is available for the denial of [summary judgment] motions based on qualified immunity, however, we believe it is better practice for the district court to set forth with precision the basis for its decision. This will facilitate intelligent appellate review, and we believe it will conserve judicial resources in the long run." Poe v. Haydon, 853 F.2d 418, 426 (6th Cir.1988) (citation omitted), cert. denied, 488 U.S. 1007 (1989).
 
 
 4
 In this case, it is not particularly surprising that the district court failed to set forth with precision the basis for its decision. As the PSC officers admit, "the briefs below set out the incorrect standard." Appellant's Opening Brief at 19-20. Indeed, before the district court the parties largely failed to brief the dispositive issues. At oral argument before this panel, it was apparent that the parties did not provide the district court with the necessary law or facts for it to make an informed judgment.
 
 
 5
 In order to resolve this case, we could undertake what would amount to an unguided, initial inquiry into the record and the relevant case law. We decline to do so. See Poe, 853 F.2d at 426-27; Dominque v. Telb, 831 F.2d 673, 677 (6th Cir.1987). Instead, we reverse and remand to the district court for such further proceedings as are necessary for a meritorious disposition of the issue of qualified immunity. See ACT UP!/Portland v. Bagley, 988 F.2d 868 (9th Cir.1992); see also Romero, 931 F.2d 624.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "[W]hen qualified immunity is at stake, a court must first determine whether the law has been clearly established.... If the court decides that the law is clearly established, it must then decide whether a reasonable officer would have known that his conduct violated rights.... At the third step in the inquiry, it is within the court's discretion to permit limited discovery to determine if there are any genuine issues of material fact surrounding the reasonableness of the officer's conduct."