996 F.2d 1227
 RICO Bus.Disp.Guide 8352
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valarie Jo SWAYNE, Plaintiff-Appellant,
v.
Baldemar SALINAS; et al., Defendants-Appellees.
 No. 91-16784.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Valarie Jo Swayne appeals pro se the district court's summary judgment in favor of defendants in Swayne's action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 399 (9th Cir.1991), cert. denied, 112 S.Ct. 1168 (1992), and affirm.
 
 
 3
 In reviewing the district court's summary judgment, we must determine whether, "[v]iewing the evidence in the light most favorable to the non-moving party, ... there are genuine issues of material fact and whether the district court correctly applied the relevant law." Id.
 
 
 4
 The district court granted summary judgment for defendants for several reasons. First, the district court found that Swayne lacked standing to bring a RICO action.
 
 
 5
 To have standing to assert her RICO claim, Swayne must show that "[she] has been injured in [her] business or property by the conduct constituting the violation." Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1310 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993). Under this standing requirement, Swayne must show a causal connection between her alleged injury and defendants' alleged violative conduct.[1] See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985) (stating that "[w]here the plaintiff alleges each element of the violation, the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern" (emphasis added)).
 
 
 6
 Here, the district court correctly determined that while Swayne presented ample evidence of the individual defendants' drug trafficking convictions and of the connection between the drug trafficking and the defendant businesses, Swayne failed to allege a sufficient causal connection between those crimes and Swayne's alleged injury. Absent this causal connection, defendants' drug trafficking convictions do not support Swayne's standing to bring a RICO action. See Sedima, S.P.R.L., 473 U.S. at 497; see also Religious Tech. Ctr. v. Wollersheim, 796 F.2d 1076, 1080 n. 6 (9th Cir.1986), cert. denied, 479 U.S. 1103 (1987).[2]
 
 
 7
 The district court also correctly determined that defendants' other alleged actions, the destruction of the wrecked automobile in which Swayne and her son were injured and the destruction of Swayne's rental contract and substitution of another contract, were not "predicate acts" under RICO. The district court found that neither of these acts fell within any of the specific predicate acts outlined in 18 U.S.C. § 1961(1). The court determined, however, that 18 U.S.C. § 1503, which generally deals with obstruction of justice, and 18 U.S.C. § 1512, which deals with tampering with witnesses, jurors, or informants, were the most relevant statutory provisions. Nevertheless, neither of defendants' alleged actions violated section 1503 because they did not occur during a pending judicial proceeding. See United States v. Gonzalez-Mares, 752 F.2d 1485, 1490 (9th Cir.), cert. denied, 473 U.S. 913 (1985). Moreover, Swayne failed to allege any threats or misleading conduct on the part of defendants that would violate section 1512. See 18 U.S.C. § 1512(b)(2)(B).
 
 
 8
 Because defendants' alleged conduct with regard to the automobile and the rental contract were not predicate acts within the meaning of RICO, any connection between those acts and Swayne's alleged injury does not satisfy the RICO standing requirement. See Sedima, S.P.R.L., 473 U.S. at 497; Religious Tech. Ctr., 796 F.2d at 1080 n. 6. Accordingly, the district court correctly held that Swayne lacked standing to assert a RICO claim.
 
 
 9
 The district court also held that even if defendants' alleged actions could be considered "predicate acts" for purposes of RICO, Swayne failed to show that those acts constituted a "pattern of racketeering activity".
 
 
 10
 "To establish a claim under RICO, a plaintiff generally must establish a 'pattern of racketeering activity.' " Durning v. Citibank, Int'l, 990 F.2d 1133, 1138 (9th Cir.1993). Here, there is no evidence to indicate that defendants' alleged conduct constitutes a pattern of racketeering activity. Viewed in the light most favorable to Swayne, the evidence shows at most that defendants' alleged conduct was designed to achieve only the destruction of the car and Swayne's original rental contract. See Medallion Tel. Enters. v. SelectTV of California, Inc., 833 F.2d 1360, 1363-64 (9th Cir.1987) (concluding no pattern of racketeering activity existed where case involved "single alleged fraud with a single victim"), cert. denied, 492 U.S. 917 (1989). There is no evidence that defendants engaged in such conduct as a regular way of business, see Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450 (9th Cir.1991), or that defendants intended to harm anyone other than Swayne, see Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir.1992).
 
 
 11
 Given the isolated nature of defendants' alleged conduct, the district court correctly held that Swayne failed to show a pattern of racketeering activity. See Durning, 990 F.2d at 1138 (stating that the test for determining whether a pattern is present asks "whether the predicate acts are sporadic or isolated. If they are isolated or sporadic, then they cannot form a 'pattern' " (quotations omitted)); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989); Medallion Tel. Enters., 833 F.2d at 1363 (stating that "[t]he presence or absence of continuity among the acts is the distinguishing factor in our cases").
 
 
 12
 Because there are no genuine issues of material fact as to Swayne's lack of standing to assert a RICO action or as to whether Swayne has shown a pattern of racketeering activity by defendants, defendants were entitled to judgment as a matter of law. The district court did not err by granting summary judgment in their favor. See Lancaster Community Hosp., 940 F.2d at 399.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Swayne is also required to show that her injury is a "concrete financial loss, and not mere injury to a valuable intangible property interest." Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc) (quotation omitted), cert. denied, 113 S.Ct. 655, 655-56 (1992). Because we agree with the district court that Swayne failed to show a causal connection between defendants' alleged violations and her alleged injury, we do not consider whether Swayne presented sufficient evidence of a concrete financial loss
 
 
 [2]
 Swayne contends the district court improperly denied her the opportunity to file a pretrial conference statement and that if she had been given that opportunity, she would have submitted additional evidence of defendants' convictions for drug trafficking. As we stated, such evidence was already before the district court. Because additional evidence of the convictions would have been cumulative at best, the fact that Swayne did not have an opportunity to present that evidence does not warrant reversal. See Fed.R.Evid. 403; Davis v. Mason County, 927 F.2d 1473, 1484 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991). Moreover, the district court entered summary judgment in this action, thus rendering the pretrial conference unnecessary. Therefore, the fact that Swayne did not have an opportunity to file a pretrial conference statement does not warrant reversal
 
 
 [3]
 We grant appellees' requests for judicial notice of the district court's orders dated May 22, 1992 and April 13, 1993. In light of our decision, we deny appellees' motion to strike
 Swayne's request for leave to file a motion for relief from judgment in the district court is denied.