996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore C. SHOVE, Petitioner-Appellant,
v.
Samuel LEWIS, Respondent-Appellee.
Theodore SHOVE, Petitioner-Appellant,
v.
Lt. L. WOODS, Respondent-Appellee.
Theodore C. SHOVE, Plaintiff-Appellant,
v.
Samuel LEWIS, Defendant-Appellee.
 Nos. 92-15358, 92-15359 and 92-15403.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, AND T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore Shove, an Arizona state prisoner, appeals pro se the district court's order dismissing without prejudice his civil rights actions.[1] We affirm.
 
 
 3
 On November 21, 1991, Shove filed three complaints alleging that prison officials (1) were threatening and harassing him and stealing his legal papers, (2) were unlawfully using a machine to detect drug violations that would result in denial of good time credits and privileges and (3) had violated his due process and equal protection rights in issuing a rule violation for lying to them. Subsequently, he filed motions for preliminary injunctions.
 
 
 4
 The court dismissed the cases because they were filed in violation of its September 17, 1991 pre-filing order, which prohibited Shove from filing any pleadings without its permission.[2] It issued that order because of his "continual[ ] attempts to file meritless pleadings and/or raise claims in a procedurally improper manner." Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action for failure to comply with any court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). We review for an abuse of discretion. See id.
 
 
 5
 The court must weigh five factors in determining whether to dismiss a case for failure to comply with its previous order:
 
 
 6
 "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
 
 
 7
 Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831
 
 
 8
 (9th Cir.), cert. denied, 479 U.S. 829
 
 
 9
 (1986)). It need not make explicit findings to show that
 
 
 10
 it has considered these factors. Id. at 1261. We may
 
 
 11
 review the record independently to determine whether the
 
 
 12
 court has abused its discretion. Id.
 
 
 13
 After weighing these factors, we conclude that the court did not abuse its discretion in dismissing Shove's action.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. p. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 An order dismissing an action without prejudice is appealable under 28 U.S.C. § 1291 if it "ends the litigation and leaves nothing more for the court to do." McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992); see Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). In analyzing whether the court's order was final, we must focus on "what effect the district court intended [the] order to have." McGuckin, 974 F.2d at 1054. Here, the court issued an order allowing Shove to proceed in forma pauperis on appeal. This indicates that the court intended its order to be final and that it had nothing left to do but enter judgment, which it did the next day. Accordingly, we have jurisdiction over Shove's appeal
 
 
 [2]
 We have ruled previously that Shove abandoned his appeal of that order when he did not "present any facts or legal argument that would suggest that the district court acted inappropriately." Shove v. Upchurch, No. 91-16836, 1992 U.S.App. LEXIS 25022, at * 2 (9th Cir. Oct. 2, 1992). Consequently, he cannot now rechallenge that order