In the Matter of the COMPLAINT OF GREAT LAKES DREDGE & DOCK COMPANY, as Owner of the Vessel; G.L. 60, for Exoneration from or Limitation of Liability.

No. 94–8605–CIV–MARCUS.

United States District Court, S.D. Florida.

July 15, 1997.

George D. Gabel, Jr., Jacksonville, FL, for Great Lakes Dredge & Dock Company.

Roger Aloysius Vaughan, III, Tampa, FL, for Robert W. and Cindy Ebanks.

Robert Lamar Bell, Miami, FL, for American Crane Corporation.

## ORDER

MARCUS, District Judge.

THIS CAUSE comes before the Court upon a series of objections taken from Magistrate Judge Garber's Report and Recommendation of April 1, 1996. The matter has been thoroughly briefed and this Court has made a thorough *de novo* review of the entire record. Based upon that review, Magistrate Judge Garber's Report and Recommendation is adopted and approved as the Order of this Court. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

Claimant Ebanks' Motion be GRANTED; costs in the amount of $5,168.08 should be awarded to Roger Vaughan, attorneys fees in the amount of $10,342.50 for 29.55 hours of work at the rate of $350 per hour should be awarded to Roger Vaughan, and attorneys fees in the amount of $20,970 for 139.8 hours of work at the rate of $150 per hour should be awarded to Roger Vaughan, III. It is further

ORDERED AND ADJUDGED that the Third–Party Defendant American Crane's Motion is likewise GRANTED. Finally, it is

ORDERED AND ADJUDGED that Magistrate Garber shall review and prepare an additional Report and Recommendation as to the reasonableness of the application for attorneys fees made by Third–Party Defendant American Crane's counsel.

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

THIS CAUSE is before the Court pursuant to an Order of Reference entered by the Honorable Stanley Marcus, United States District Judge. The following Report and Recommendation is hereby submitted on Claimant Robert W. Ebanks' Motion For Costs and Attorney's Fees (DE 151) and Third–Party Defendant American Crane Corporation's Motion for Attorney's Fees (DE 158).

## BACKGROUND

On December 9, 1992, Claimant Robert W. Ebanks, was severely injured when a large wooden chafing board fell from a raised derrick boom aboard a derrick barge, striking Mr. Ebanks in the head and knocking him overboard. At the time of the incident, Mr. Ebanks was employed as a seaman aboard the derrick barge by Plaintiff, Great Lakes Dredge and Dock Company ("Great Lakes") for the completion of a beach renourishment contract.

Subsequent to Mr. Ebanks' injury, Great Lakes entered into settlement negotiations with Mr. Ebanks, who was unrepresented by counsel. Mr. Ebanks claims that he was warned by Great Lakes' representative Wayne Billyer, that if he hired an attorney, Great Lakes would drag out his case for years, causing him financial hardship. Great Lakes denies this claim. On August 4, 1994, after Great Lakes was informed that its latest settlement offer of $775,000.00 was rejected and that Mr. Ebanks had obtained counsel, Great Lakes filed a Complaint for declaratory judgment and specific performance in the United States District Court for the Southern District of Georgia. In that action, Great Lakes sought to enforce what it claimed was an oral settlement agreement for the $775,000.00. On November 28, 1994, the Court dismissed Great Lakes' action, and before oral argument was to be held in the Eleventh Circuit, Great Lakes voluntarily dismissed its appeal, due to the discovery of an adverse decision by the Supreme Court, which came down during the pendency of the appeal.

On August 25, 1994, Mr. Ebanks filed a complaint in state court asserting claims for negligence under the Jones Act and for unseaworthiness and maintenance and cure under general maritime law. Consequently, on October 24, 1994, Great Lakes filed the instant action for Exoneration from or Limitation of Liability. The filing of this limitation action operated to stay Mr. Ebanks' pending state court action. In addition, when Great Lakes filed this action, it only surrendered $290,000, the value of the single vessel upon which Mr. Ebanks was injured. Mr. Ebanks contends that Great Lakes was fully aware that the flotilla doctrine mandated the surrender of all of Great Lakes' vessels which were necessary to the performance of the beach renourishment contract.

On October 13, 1995, this Court entered a Report and Recommendation finding that the flotilla doctrine applied and requiring the surrender of the value of the flotilla, which would greatly exceed the value of Mr. Ebanks' claim. Great Lakes did not object to this Report and Recommendation. Subsequently, Great Lakes moved to voluntarily dismiss this limitation action. This Court entered the Order dismissing the action, however deleted the language which proposed that each side was to bear its own costs and fees.

On November 22, 1995 Mr. Ebanks filed his Motion for Costs and Attorneys Fees (DE 151) pursuant to Federal Rule of Civil Procedure 41(a)(2) and/or 28 U.S.C. § 1927. On January 29, 1996, Third–Party Defendant American Crane filed its Motion for Attorney's Fees (DE 158), claiming that the impleader was improper. A hearing was held on the above motions before the undersigned on March 8, 1996.

## DISCUSSION

### A. Claimant Ebanks' Entitlement to Attorneys Fees

■ Mr. Ebanks contends that he is entitled to fees pursuant to Fed.R.Civ.P. 41(a)(2), as this Court may grant a voluntary dismissal upon such terms and conditions as the Court deems proper. Moreover, Mr. Ebanks claims that this Court should award fees pursuant to 28 U.S.C. § 1927 because counsel for Great Lakes unreasonably and vexatiously multiplied the proceedings.

Fed.R.Civ.P. 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." When a court considers a motion for dismissal without prejudice, it

should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.... The Court "must exercise its broad equitable discretion under Rule

41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."

*McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–857 (11th Cir.1986). The costs may include all litigation-related expenses incurred by the parties, including reasonable attorneys' fees. *Id.* at 860; *Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 346 (M.D.Fla.1992).

In this case, the Court dismissed the action without prejudice, upon motion for voluntary dismissal by Great Lakes, pursuant to Rule 41(a)(2). Both Claimant Ebanks and Third-Party Defendant American Crane opposed the dismissal and moved for an order setting aside the dismissal. This Court denied the motion, stating that the voluntary dismissal was appropriate. However, the Court recognized that because Great Lakes' proposed order of dismissal, which stated that each party was to bear its own costs, might prejudice the parties, the Court deleted that unacceptable language. The Court further stated that it would accept applications for attorneys fees and costs.

Mr. Ebanks contends that he is entitled to an award of attorneys fees and costs for defending this limitation action, which it argues should not have been filed in the first place. In filing this action, Great Lakes only surrendered $290,000, the value of the single vessel upon which Mr. Ebanks was injured. Mr. Ebanks contends that Great Lakes was fully aware that the flotilla doctrine mandated the surrender of all of Great Lakes' vessels which were necessary to the performance of the beach renourishment contract. Mr. Ebanks maintains that Great Lakes knew that if it surrendered the value of its entire flotilla, the value, estimated at approximately $15,000,000, would greatly exceed any claims for which Great Lakes sought limitation. Under such circumstances, i.e., when the limitation fund exceeds the claims, the limitation action serves no purpose, and

would be properly dismissed, allowing Mr. Ebanks' state court case to continue. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). Mr. Ebanks claims that because Great Lakes' goal was to prolong this litigation in order to work financial hardship on him, it refused to surrender the flotilla value, and instead "embarked on a course of discovery abuse directed toward concealing the specific evidence which would ultimately require Great Lakes to surrender the value of its entire flotilla and thereby result in the termination of the limitation action." DE 151 at 4.

Great Lakes maintains that its action was filed in good faith, based on the argument that the dredge should be excluded from the flotilla as having been no longer necessary to the performance of the beach renourishment contract because it had completed dredging operations. DE 153 at 8. Thus, Great Lakes disputes the fact that it knew the flotilla doctrine would apply because it argued that the project was complete, and demobilization was underway.

Mr. Ebanks maintains that Great Lakes attempted to conceal the fact that the beach renourishment project was still underway at the time of the accident, thereby attempting to prevent the application of the flotilla doctrine. Mr. Ebanks claims that Great Lakes' discovery abuses include failing to produce documents,[1] which necessitated this Court granting a motion to compel (DE 87). Great Lakes subsequently responded that the documents had been lost, destroyed, or were otherwise missing. Eventually Mr. Ebanks obtained those documents from the other party to the dredging contract, and discovered that the documents did in fact prove that Great Lakes' vessels remained on the project well beyond the date of the accident, and thus, the flotilla doctrine would apply, thereby terminating this action.

Great Lakes argues that there were no discovery abuses. Great Lakes maintains that it has always conceded that Mr. Ebanks was injured during the course of the project.

---

1. These documents include the daily project reports generated by Great Lakes, the contractor quality control plan, the log books of the two Great Lakes' tugs working on the project, the final receipt for the project, the certificate of substantial completion for the project, and the maintenance log of the G.L. 60.

Great Lakes contends that it alleged in its complaint that the injury occurred during the course of the project, and that in its response to a request for admission, Great Lakes admitted that the project included demobilization and that at the time of the incident, "beach renourishment was concluded, and demobilization was underway." DE 153 at 12, Ex. 17. Great Lakes further maintains that it did not conceal any documents because the documents Mr. Ebanks requested were not in Great Lakes' possession, or they were lost, destroyed, or misplaced, or they were transferred to the corporate offices during the corporate restructuring.

Mr. Ebanks disputes Great Lakes' assertion that it has always conceded that he was injured during the course of the beach renourishment project, citing Great Lakes' denial in requests for admissions that the accident occurred during the course of the project. *See* DE 153, Ex. 16 at 2, Ex. 17. Moreover, Mr. Ebanks contends that Great Lakes' claim that it lost or misplaced the last twelve daily project reports (which were generated after the accident and would prove that the project was not yet complete) while it had possession of and produced the first fifty-five reports is not credible. After Mr. Ebanks obtained copies of those twelve "damaging" reports from the other party to the contract and filed them with the Court, Great Lakes notified Mr. Ebanks that it had found the missing reports. Mr. Ebanks argues that Great Lakes intentionally withheld those reports until it no longer needed to, as Mr. Ebanks already had possession of them.

In addition, Mr. Ebanks maintains that Great Lakes knew that if this case presented a single claimant situation, Claimant Ebanks would be able to have the stay lifted and proceed with this case in state court. Mr. Ebanks claims that Great Lakes therefore "manufactured a second claim on behalf of one of its current employees, Norman Patnaude, to avoid the single claimant situation." The evidence demonstrates that Mr. Patnaude, who was standing next to Mr. Ebanks when the accident occurred and was also struck by the chafing board, did not miss any work or ever see a doctor for the injury which formed the basis of his claim. In addition, Mr. Patnaude did not prepare his claim against Great Lakes, instead, Great Lakes delivered the already typed-up claim to him for his signature. Moreover, Mr. Patnaude did not participate in the limitation action. In fact, eventually Mr. Patnaude met with Great Lakes' counsel and withdrew his claim. Therefore, Mr. Ebanks claims that Mr. Patnaude's claim was not a bona fide claim, rather that it was orchestrated by Great Lakes to avoid the single claimant situation in order to prolong the action.

Great Lakes denies manufacturing Mr. Patnaude's claim, arguing that it was obliged to serve Mr. Patnaude with notice of the limitation action, which it did. However, serving Mr. Patnaude with notice is different than providing him with the prepared claim. Moreover, Great Lakes argues that Mr. Patnaude's claim was not an attempt to defeat the single claimant situation because the impleader of American Crane and its potential claim for indemnity would have also withheld the lifting of the stay in the state court action, without Mr. Patnaude's claim. However, Third–Party Defendant American Crane suggests and this Court agrees that the impleader was improper because its sole purpose was to secure a procedural tactical advantage in this litigation with Claimant Ebanks.

This Court finds that there is sufficient evidence to find that Great Lakes abused the process of this Court throughout this limitation action and unnecessarily prolonged Claimant Ebanks' attempt to address his common-law remedy in state court. Therefore, in order to prevent prejudice to Mr. Ebanks, as a condition of granting the voluntary dismissal pursuant to Rule 41(a)(2), this Court should award Mr. Ebanks his reasonable attorneys fees and costs.

The undersigned has reviewed the affidavit in Support of Costs provided by Roger Vaughan and finds that these costs in the amount of $5,168.08 are reasonable. In addition, upon review of the affidavits for attorneys fees by both Roger Vaughan and Roger Vaughan, III, this Court has found some instances where the hours spent on one item were overlapping and unreasonable. There-

fore, the undersigned recommends striking the 5 hours spent by Roger Vaughan in preparing and filing the Motion for Due Appraisement and to Increase the Value of the Limitation Fund and supporting Memorandum of Law on November 7, 1994; striking the 3 hours spent by Roger Vaughan in preparing and filing Ebanks' Reply to Great Lakes' Memorandum in Opposition to Ebanks' Motion for Due Appraisement and to Increase the Value of the Limitation Fund on December 22, 1994, and cutting the time from 8 hours to 5 hours for Roger Vaughan, III for the same; cutting the time from 8 hours to 3 for Roger Vaughan, III's preparation and filing of Claimant Robert W. Ebanks' Response to Plaintiff's Motion to Depose Claimant Ebanks' Attorney and for Sequestration During Deposition on April 6, 1995. All of the other hours spent appear to be reasonable and necessary, as do the rates per hour of Roger Vaughan, a practitioner with 31 years experience. Therefore, Roger Vaughan should be awarded the amount of $10,342.50 for 29.55 hours of work at the rate of $350 per hour, and Roger Vaughan, III should be awarded the amount of $20,970 for 139.8 hours of work at the rate of $150 per hour.

## B. American Crane's Entitlement to Attorneys Fees

██ American Crane maintains that it was improperly impleaded into this limitation action as a Third–Party Defendant in an attempt to secure a procedural tactical advantage over Claimant Ebanks. It therefore claims that it is entitled to an award of attorneys fees.

On June 19, 1995, Great Lakes filed an Amended Third–Party Complaint against American Crane, alleging that the chafing board (which fell on claimant Ebanks) was a component of the crane boom designed by American Crane. Great Lakes further alleged that if it was found liable to Mr. Ebanks due to a finding that the chafing board was in an unreasonably dangerous or defective condition, it was because the mounts and brackets by which the chafing board was mounted to the crane boom were negligently or defectively designed by American Crane.

American Crane contends that although Great Lakes avoided much of its discovery obligations, it did produce documents which proved that there was no basis for a Third–Party Complaint against American Crane. American Crane maintains that the documents proved that the crane boom was purchased used, "as is" from someone other than American Crane in Texas, pursuant to an agreement to be rebuilt by another party in Louisiana. Moreover, the crane boom was to be conditionally warranted by that party in Louisiana. In addition, American Crane claims that Great Lakes did not make the crane boom available for inspection. In fact, American Crane alleges that Great Lakes "lost" the crane boom on the very eve of its scheduled inspection.

Great Lakes argues that it had agreed on several occasions to allow counsel for American Crane to inspect all non-privileged files and to inspect the chafing board, however, counsel for American Crane never did inspect either the files or the boom. Great Lakes further maintains that although J & C Machine Works of Baton Rouge, Louisiana, had performed some refurbishing work, including sand-blasting and painting and re-welding of existing welds on the crane boom a few months prior to the accident, there was in no way any modification to the design of the boom. In addition, Great Lakes claims that while American Crane did not serve any requests for discovery before Great Lakes announced it was going to voluntarily dismiss the action, Great Lakes had served requests for discovery upon American Crane which it did not answer.

American Crane contends that it is entitled to attorneys fees because it was impleaded into this action without cause and without Great Lakes having any proof of responsibility for the condition which caused the accident. It further claims that Great Lakes did not produce any discovery and that it lost the crane boom which would have proven that modifications had been made.

This Court finds that there is sufficient evidence that American Crane was improperly brought into this limitation action. The

Third–Party Complaint served to prolong the action unreasonably and unnecessarily. Great Lakes could not produce any proof of responsibility of the condition of the crane boom, nor can it produce the crane boom itself. Pursuant to Fed.R.Civ.P. 41(a)(2), this Court may accept the voluntary dismissal upon such terms and conditions as the court deems proper. In this case, the undersigned finds that it would be proper to award Third–Party Defendant American Crane its reasonable attorneys fees for the time and expense of having to litigate this unnecessary action. Insomuch as counsel for American Crane has not produced an affidavit in support of costs and attorneys fees, setting out specific hours spent on this action, this Court cannot make a finding of the reasonableness of the request for fees for 117.5 hours of work.

### RECOMMENDATION

For the foregoing reasons, the undersigned hereby RECOMMENDS as follows:

1) Claimant Ebanks' Motion be GRANTED; Costs in the amount of $5,168.08 should be awarded to Roger Vaughan, Attorneys Fees in the amount of $10,342.50 for 29.55 hours of work at the rate of $350 per hour should be awarded to Roger Vaughan, and Attorneys Fees in the amount of $20,970 for 139.8 hours of work at the rate of $150 per hour should be awarded to Roger Vaughan, III.

2) Third–Party Defendant American Crane's Motion be GRANTED, and counsel for American Crane must submit an affidavit of Attorneys Fees within ten days of the date of this Report and Recommendation, wherein a separate determination of reasonableness of attorneys fees shall be made.

The parties have ten (10) days from the date of this Report and Recommendation within to file written objections, if any, with the Honorable Stanley Marcus, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. den.*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 1st day of April, 1996.